MAX SEIDNER and Another, Copartners Doing Business under the Firm Name of SEIDNER & BUSCH, Plaintiffs, *v.* JOSEPH FISH, as Treasurer of the JOINT BOARD OF THE CLOAK, SKIRT, DRESS AND REEFER MAKERS' UNION, and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, December 5, 1927.

Trade unions — agreement between employers and union — agreement between plaintiffs, employers and local union under which plaintiffs made deposit of $500 as security — later, local union was taken over by national union — thereafter, plaintiffs, under contract, elected to rescind and demanded return of deposit — national union is liable.

The plaintiffs, as employers, entered into an agreement with a local union, regulating the employment by the plaintiffs of union help in the business, and deposited $500 as security for the faithful performance of the contract.  The

contract also stipulated that the plaintiffs would be entitled to the return of the deposit within thirty days after the expiration of the agreement. Later, the local union became involved in difficulties with the national union and the national union took over the affairs of the local union, and thereafter the plaintiffs notified the national union that they terminated the agreement and demanded the return of the $500. In view of the fact that the national union took over the affairs of the local union, and its liabilities and assets, the plaintiffs are entitled to recover the deposit from the national union.

ACTION to recover deposit made by plaintiffs, as employers, with the defendant union, as security for a breach of an agreement between the parties.

*Henry A. Spiegelman,* for the plaintiffs.

*Boudin & Wittenberg,* for the defendant Joseph Fish, as treasurer, etc.

*Morris Rothenberg,* for the defendant Morris Sigman, as president, etc.

GENUNG, J.   On February 27, 1925, the plaintiffs entered into a written agreement with the Joint Board of the Cloak, Dress and Reefer Makers' Union of the International Ladies' Garment Workers' Union, composed of various local unions therein enumerated, which agreement regulated the employment by the plaintiffs of union help in the conduct of their business.

Pursuant to the terms of the contract, the plaintiffs deposited the sum of $500 as security and as liquidated damages for any breach of the agreement on their part which sum was to be returned to the plaintiffs within thirty days after the date of expiration of the agreement.   The plaintiffs duly gave notice that they elected to terminate the agreement and requested the return of the sum of $500.

This action is brought against Joseph Fish, as treasurer of the Joint Board of the Cloak, Dress and Reefer Makers' Union, and Morris Sigman, as president of the International Ladies' Garment Workers' Union.   Prior to the trial of this action, the defendant Joint Board withdrew its answer.

The International Ladies' Garment Workers' Union is a National labor organization composed of over 100,000 members who are engaged in the various branches of the women's wear industry and whose main object is to better and improve the working conditions of its members.   The Joint Board of the Cloak, Dress and Reefer Makers' Union is a subsidiary or subordinate organization of the International and is composed of representatives of various local unions in the city of New York, which locals are composed of workers of the separate branches of the women's wear industry.

During the latter part of the year 1926 dissention arose between the International and the Joint Board by reason of a strike claimed to have been instigated by the Joint Board and thereupon the International through its executive board, which was duly authorized to act for it, duly took over the management and control of all of the affairs of the said Joint Board and the local unions which it represented.

On December 27, 1926, the International communicated with the plaintiffs informing them of its action and advising them that it had taken over the sole and exclusive management and direction of all the affairs of the Joint Board of Cloak, Dress and Reefer Makers' Union of the city of New York and requested the plaintiffs to renew the agreement of February 27, 1925, for a further period of two years advising them that no further execution of a new contract was necessary and that the sum of $500 deposited under the agreement would continue as security during the renewed term.

A stipulation was inclosed with the letter of December 27, 1926, which plaintiffs were requested to sign and which declared " that the contract in writing heretofore made between them with respect to the term of employment upon which members of the undersigned union are to work for their employer and with respect to all other terms and provisions therein contained, shall be and hereby is extended for the period of two years from the 31st day of December, 1926," the same to be signed by the plaintiffs and by the reorganized Joint Board and the International Ladies' Garment Workers' Union.

Prior to the receipt of this communication and on the 17th day of December, 1926, the plaintiffs in accordance with the terms of their agreement, duly notified the Joint Board that they were not desirous of renewing the agreement and requested the return of their deposit.

It is urged by the defendant International Ladies' Garment Workers' Union that the Joint Board and the International are separate and distinct legal entities and that no matter how closely they may be affiliated with each other with respect to the objects for which they were formed, and even though they co-operate with one another in the accomplishment of their purposes, these facts do not render the International or the sovereign association, as it may be called, responsible for the contracts or obligations of the Joint Board, the subordinate association.

This court is in full accord with the authorities cited by the defendant in support of the contention. It is true that both the International and the Joint Board are separate and distinct entities and that the International would not be liable for the obligations

incurred by the Joint Board in the ordinary conduct of the latter's affairs.

However, the questions whether the Joint Board was the agent of the International at the time the contract herein was entered into and whether the contract by its phraseology purports to have been entered into with the Joint Board as the agent of the International are not the deciding factors in this case. In the instant case, the International after the disruption between itself and the Joint Board notified all firms who had entered into contracts with the Joint Board that it " had taken over the sole and exclusive management and direction of all affairs of the Joint Board of Cloak, Suit, Dress and Reefer Makers' Union of the City of New York," and that " the deposit heretofore made by you will continue as security during the renewed term of two years."

The letter was sent from the president's office and signed by Morris Sigman, the president of the International. It is obvious from a reading of this letter, the stipulation inclosed with it and the general course of conduct of the International, that the International with full knowledge ratified the acts of the former Joint Board in so far as they related to the contract in question and that the International received or took over and now retains control of the plaintiff's deposit.

The constitution of the International is binding upon all members, locals and unions and the latter subordinate bodies are subject to its orders, rulings and decisions since by its provisions all members of the local unions are primary members of the International. As stated in Sigman's affidavit, the ultimate title to all property of the organization is vested in the International Ladies' Garment Workers' Union, and though the Joint Board, local unions and other subordinate bodies have· control of same for the expeditious and efficient transaction of its business, it is always subject to the control of the International. Had the plaintiffs agreed to renew their contract for a further period and at the expiration of the extended term demanded the return of their deposit, could the International then deny their obligation of returning same? Obviously no. After having suspended the Joint Board and its affiliated unions, and having taken over their property and having confirmed, assumed and ratified the obligation to return the security as mentioned in the contract, over which money they now have comp'ete control, they cannot now be heard to repudiate this obligation.

Judgment for the plaintiff for the sum of $500.